**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

JESUS M. CHAVEZ and NEBIL CONDE         **22-cv-01551**
MEDRANO,

                                               **COMPLAINT**

            Plaintiffs,

    -against-

SYOSSET PIZZA INC. d/b/a MARIO'S
PIZZERIA, JERRY SPANOS, and PETER
SPANOS,

            Defendants.
-----------------------------------------------------------X

      Plaintiffs, JESUS M. CHAVEZ ("Chavez") and NEBIL CONDE MEDRANO ("Conde")

(collectively, "Plaintiffs"), as and for their Complaint against Defendants, SYOSSET PIZZA INC.

d/b/a MARIO'S PIZZERIA ("Syosset Pizza"), JERRY SPANOS ("J. Spanos"), and PETER

SPANOS ("P. Spanos") (collectively, "Defendants"), respectfully allege as follows:

## JURISDICTION AND VENUE

      1.    Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 146 of

the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief

related to their employment with Defendants. Conde also brings this Action under the Family and

Medical Leave Act (hereinafter, "FMLA"), 29 U.S.C. Section 2601 *et seq.*, to recover damages he

has suffered as a result of Defendants' interference with his FMLA rights and retaliation for

asserting his FMLA rights, and the New York Executive Law §§ 290 *et seq.* ("NYHRL"), to

recover damages he has suffered as a result of Defendants' discrimination on the basis of disability,

among other forms of relief sought.

2.      Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331. Jurisdiction over Conde's FMLA claims is based upon 28 U.S.C. Section 1331 and 29 U.S.C. Section 2617.

3.      The Court has supplemental jurisdiction over Plaintiffs' NYLL wage claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to their FLSA claims that they form part of the same case or controversy. The Court has supplemental jurisdiction over Conde's NYHRL claim pursuant to 28 U.S.C. §1367(a) because this claim is so related to his FMLA claim that it forms part of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Chavez is an adult male currently residing in the State of New York.

6.      Conde is an adult male currently residing in the State of New York.

7.      Plaintiffs are former employees of Defendants.

8.      Upon information and belief, Syosset Pizza is a domestic business corporation duly organized and existing under the laws of the State of New York.

9.      Upon information and belief, Syosset Pizza maintains a principal place of business located at 326 Jericho Turnpike, Syosset, New York 11791.

10.     Upon information and belief, Syosset Pizza owns and operates the Mario's Pizzeria restaurant located at 326 Jericho Turnpike, Syosset, New York 11791.

11.     Upon information and belief, Syosset Pizza has employed more than fifty (50) employees at its Mario's Pizzeria restaurant each workday during at least twenty (20) workweeks during the relevant years Conde's employment.

2

12.     Upon information and belief, at all relevant times, Syosset Pizza maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

13.     Upon information and belief, J. Spanos is a resident of the State of New York.

14.     Upon information and belief, P. Spanos is a resident of the State of New York.

15.     Upon information and belief, at all relevant times, J. Spanos was an owner, officer, director, shareholder, and/or managing agent of Syosset Pizza.

16.     Upon information and belief, at all relevant times, P. Spanos was an owner, officer, director, shareholder, and/or managing agent of Syosset Pizza.

17.     Upon information and belief, at all relevant times, J. Spanos participated in running the daily operations of Syosset Pizza and its Mario's Pizzeria restaurant.

18.     Upon information and belief, at all relevant times, P. Spanos participated in running the daily operations of Syosset Pizza and its Mario's Pizzeria restaurant.

19.     At all relevant times, J. Spanos participated in the management and supervision of Plaintiffs and their work for Syosset Pizza.

20.     At all relevant times, P. Spanos participated in the management and supervision of Plaintiffs and their work for Syosset Pizza.

21.     Upon information and belief, at all relevant times, J. Spanos exercised operational control over Syosset Pizza, controlled significant business functions of Syosset Pizza, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Syosset Pizza in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

22.     Upon information and belief, at all relevant times, P. Spanos exercised operational control over Syosset Pizza, controlled significant business functions of Syosset Pizza, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Syosset Pizza in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

23.     As such, Defendants are covered employers within the meaning of the FLSA, the NYLL, the FMLA, and the NYHRL and, at all relevant times, jointly employed Plaintiffs.

**FACTS**

24.     Chavez was employed as a kitchen assistant and delivery driver for the benefit of and at the direction of Defendants from in or about June 2013 until on or about December 10, 2021.[1]

25.     Conde was employed as a cook for the benefit of and at the direction of Defendants from in or about April 2019 until on or about December 27, 2021.

26.     Conde worked at least one-thousand two-hundred fifty (1,250) hours during the previous twelve (12) months of his employment.

27.     During Chavez's employment, his job duties included assisting the cooks, food shopping, putting away inventory, and delivering food to customers.

28.     During Conde's employment, his job duties included cooking and preparing food.

29.     Defendants required Plaintiffs to sign in and out of some of their daily shifts; however, Defendants did not allow Chavez to record his time worked when he was food shopping and making deliveries for the restaurant, and they did not allow Conde to record his time when he worked on his regularly scheduled days off.

---

[1] Chavez did not worked from approximately March 1, 2021 through April 15, 2021, and thus does not assert claims for that six-week time period.

30.     Upon information and belief, Defendants failed to keep and maintain records reflecting the actual time that Plaintiffs worked each day and each week.

31.     During the relevant period of his employment, Chavez worked seven (7) days a week, Monday through Saturday from about 10:00 a.m. until about 9:00 p.m., and Sundays from about 9:00 a.m. until about 8:00 p.m. Additionally, Plaintiff worked from 7:00 a.m. until 9:00 a.m. four (4) days per week when he was required to go to Restaurant Depot to shop for food items needed for Defendants' pizzeria.

32.     From January 1, 2020 through the end of his employment, Conde worked five (5) days per week, Monday, Thursday, Friday, and Saturday from about 9:30 a.m. until about 9:30 p.m., and Sunday from about 10:00 a.m. until about 9:30 p.m., except in 2021 when he worked Sunday from about 1:00 p.m. until about 9:30 p.m.

33.     Plaintiffs did not take or receive uninterrupted meal breaks longer than fifteen (15) minutes.

34.     Throughout his employment, Chavez worked about eighty-five (85) hours per week.

35.     In 2020, Conde worked about fifty-nine and one-half (59.5) hours per week, and in 2021, he worked about fifty-six and one-half (56.5) hours per week.

36.     Defendants paid Chavez a combination of an hourly rate of pay plus an additional flat amount each week.

37.     In 2016, Defendants paid Chavez approximately $6.85 per hour on a payroll check plus an additional $150 in cash each week.

38.     In 2017, Defendants paid Chavez approximately $7.85 per hour on a payroll check plus an additional $150 in cash each week.

5

39.     In 2018, Defendants paid Chavez approximately $8.85 per hour on a payroll check plus an additional $150 in cash each week.

40.     In 2019, Defendants paid Chavez approximately $9.85 per hour on a payroll check plus an additional $250 in cash each week.

41.     In 2020, Defendants paid Chavez approximately $10.85 per hour on a payroll check plus an additional $250 in cash each week.

42.     In January and February 2020, Defendants paid Chavez approximately $11.85 per hour on a payroll check plus an additional $250 in cash each week.

43.     From mid-April 2021 through the end of his employment, Defendants paid Chavez approximately $11.85 per hour on a payroll check plus an additional $500 in cash each week.

44.     However, Defendants did not pay Chavez anything for the time he spent shopping at Restaurant Depot in the mornings and when he was delivering food to customers.

45.     Throughout his employment, Defendants paid Conde a flat weekly rate of pay of $1,650 each week.

46.     Defendants did not pay Chavez minimum wages for all of the hours that he worked each week.

47.     Defendants did not pay Plaintiffs one and one-half times their regular rate of pay for all of the hours that they worked in excess of forty (40) each week.

48.     Defendants did not pay Plaintiffs overtime compensation for all of the hours that they worked in excess of forty (40) each week.

49.     Defendants did not pay Plaintiffs spread of hours compensation for any day that they worked a spread of hours in excess of ten (10) hours per day.

50.     Defendants failed to provide Plaintiffs with a Notice and Acknowledgement of Pay Rate and Payday, or any other type of NYLL compliant wage notice, at the time of their hiring or thereafter, as required by NYLL § 195(1).

51.     Defendants failed to provide Plaintiffs with complete and accurate earnings statements along with their weekly earnings, as required by NYLL § 195(3).

52.     Upon information and belief, J. Spanos and P. Spanos participated in the decision to hire Plaintiffs.

53.     Upon information and belief, J. Spanos and P. Spanos participated in the decision to fire Plaintiffs.

54.     Upon information and belief, J. Spanos and P. Spanos participated in deciding the job duties that Plaintiffs performed.

55.     J. Spanos and P. Spanos participated in the supervision of Plaintiffs' job duties and responsibilities.

56.     Upon information and belief, J. Spanos and P. Spanos participated in setting Plaintiffs' work schedules.

57.     Upon information and belief, J. Spanos and P. Spanos participated in deciding the hours that Plaintiffs worked.

58.     Upon information and belief, J. Spanos and P. Spanos participated in deciding the manner in which Plaintiffs were paid.

59.     Upon information and belief, J. Spanos and P. Spanos participated in deciding the compensation Plaintiffs were paid.

60.     J. Spanos and P. Spanos participated in running the day-to-day operations of Syosset Pizza and the Mario's Pizzeria during Plaintiffs' employment.

61.     Defendants managed Plaintiffs' employment, including the amount of time they worked and the rates they were paid.

62.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

63.     Defendants were aware of Plaintiffs' work hours and rates of pay but failed to pay them the proper wages to which they were entitled under the law.

64.     Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights, and Plaintiffs have been damaged by such failures.

65.     In approximately October 2021, Conde was diagnosed with prostate cancer.

66.     Over the next two months, P. Spanos made several comments to Conde that he needs to be replaced because he is dying. P. Spanos also told Conde that he needs to train his replacement in case he dies.

67.     In or about December 2021, Conde informed J. Spanos and P. Spanos that he needed to take leave to receive treatment for his cancer.

68.     J. Spanos and P. Spanos, or anyone else employed by Syosset Pizza, did not provide Conde with any information about FMLA leave or encourage him to submit a leave request pursuant to the FMLA, despite the fact that they were well-aware of Conde's need to take leave to treat his cancer.

69.     At no time was Conde ever given any of the notifications required pursuant to the FMLA nor was he provided any information regarding his rights pursuant to the FMLA.

70.     J. Spanos and P. Spanos knew that Conde was diagnosed with cancer and that he needed to receive treatment.

71.     J. Spanos and P. Spanos' failures to provide Conde with notice of his FMLA rights was a violation under federal law.

72.     Conde took leave from on or about December 29, 2021 until on or about February 1, 2022.

73.     Upon his return on or about February 1, 2022, Defendants fired Conde from his employment.

74.     Conde's termination was in retaliation for taking federally protected leave to treat his cancer.

75.     Defendants' actions were a violation of Conde's FMLA rights.

76.     Defendants would not have terminated Conde but for his request for leave to treat his cancer, which is protected under the FMLA.

77.     Conde was repulsed, offended, embarrassed, disturbed, victimized, humiliated, degraded, disgusted, and emotionally distressed by this blatantly unlawful treatment and termination.

78.     Conde was entitled to the rights and benefits of the FMLA, including protected leave for up to twelve weeks, and Defendants failed to make him aware of his rights under the law.

79.     As a result of Defendants' discriminatory and intolerable treatment of Conde, he has suffered and continues to suffer the loss of income, the loss of salary, bonuses, benefits, and other compensation, as well as future pecuniary loss, emotional pain, suffering, inconvenience, and other non-pecuniary losses.

80.     Defendants acted intentionally and intended to harm Plaintiff.

81.    As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Conde demands liquidated and punitive damages, as applicable by law, as against Syosset Pizza.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ.***
**FAILURE TO COMPENSATE FOR OVERTIME**

82.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

83.    The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

84.    Defendants were subject to the overtime pay requirements of the FLSA during Plaintiffs' employment because Syosset Pizza was an enterprise engaged in commerce or in the production of goods for commerce at that time.

85.    At all times relevant to this Complaint, Syosset Pizza had two (2) or more employees handle goods or materials that moved in interstate commerce, including Plaintiffs who worked as a kitchen assistant and cook, respectively, and handled goods and food items that originated outside of the State of New York.

86.    Upon information and belief, the gross annual volume of sales made or business done by Syosset Pizza for the years 2019, 2020, and 2021 was not less than $500,000.00.

87.    At all times relevant to this action, Plaintiffs were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

88.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

89.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs overtime compensation as required by the FLSA.

90.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

91.     However, none of the Section 13 exemptions apply to Plaintiffs because they did not meet the requirements for coverage under the exemptions during the relevant periods of their employment.

92.     Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

93.     Defendants did not act in good faith with respect to the conduct alleged herein.

94.     As a result of Defendants' violations of the FLSA, Plaintiffs incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

95.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

96.     At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

97.     At all times relevant to this Action, Defendants were "employers" of Plaintiffs within the meaning of the NYLL and the supporting Regulations pertaining thereto.

98.     At all times relevant to this Action, Syosset Pizza was a restaurant as defined by the regulations pertaining to the NYLL.

99.     At all times relevant to this Action, Plaintiffs were "employee[s]" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

100.    At all times relevant to this Action, Plaintiffs were "employee[s]" in the hospitality industry as defined by the regulations pertaining to the NYLL.

101.    At all times relevant to this Action, Defendants employed Plaintiffs by suffering or permitting them to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

102.    The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiffs.

103.    Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 146-1.4.

104.    By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

105.    By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

106.    Plaintiffs were not exempt from the overtime provisions of the New York Labor Law during the relevant periods of his employment, because they did not meet the requirements

for any of the exemptions available under New York law.

107.     Defendant acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

108.     Defendants did not act in good faith with respect to the conduct alleged herein.

109.     As a result of Defendants' violations of the NYLL, Plaintiffs incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**COUNT III**
**AS FOR CHAVEZ ONLY**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ.***
**FAILURE TO PAY MINIMUM WAGES**

110.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

111.     As set forth herein, Defendants routinely and regularly failed to pay Chavez the applicable minimum wage, in violation of 29 U.S.C. §206(a).

112.     Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

113.     Defendants have not acted in good faith with respect to the conduct alleged herein.

114.     As a result of Defendants' violations of the FLSA, Chavez has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT IV**
**AS FOR CHAVEZ ONLY**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 19**
**FAILURE TO PAY MINIMUM WAGES**

115.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

116.    At all times relevant to this Action, Chavez was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

117.    Under New York law, an employee must be paid the statutorily mandated minimum wage for all hours worked.

118.    Defendants willfully failed to pay Chavez at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law § 652.

119.    As a result of Defendants' unlawful practices, Chavez has suffered a loss of wages.

120.    As a result of Defendants' violations of the NYLL, Chavez has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT V**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS COMPENSATION**

121.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

122.    In violation of the NYLL and the Regulations pertaining thereto, Defendants failed to pay Plaintiffs an additional hour of pay at the statutory minimum wage rate when the spread of hours between the beginning and end of their workday exceeded ten (10) hours.

14

123.    Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs' rights.

124.    As a result of Defendants' violation of the NYLL and the regulations pertaining thereto, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT VI**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

125.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

126.    Defendants willfully failed to furnish Plaintiffs with wage notices during their employment, including the date of their hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

127.    Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

128.    Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT VII**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

129.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

130.    Defendants willfully failed to provide Plaintiffs with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

131.    Through their knowing and intentional failure to provide Plaintiffs with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

132.    Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**COUNT VIII**
**AS FOR CONDE ONLY**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. § 2601 *ET SEQ.***
**INTERFERENCE AND RETALIATION**

133.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

134.    Section 2612 of the FMLA entitles, in pertinent part, eligible employees to a total of twelve workweeks of leave during any twelve-month period because of a serious health

16

condition that makes the employee unable to perform the functions of the position of such employee. 29 U.S.C. 2612(a)(1)(D).

135.    As alleged herein, Conde was a covered employee under the FMLA.

136.    As alleged herein, Syosset Pizza was a covered employer under the FMLA.

137.    As alleged herein, Conde was entitled to a total of twelve workweeks of leave as a result of his serious health condition.

138.    Section 2615 of the FMLA states, "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. 2615(a)(1).

139.    Section 2615 of the FMLA further states, "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. 2615(a)(2).

140.    Pursuant to the FMLA and the Regulations pertaining thereto, upon an employee's request to take FMLA leave, or upon an employer acquiring knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances (the "Eligibility Notice"). 29 C.F.R. § 825.300(b).

141.    Pursuant to the FMLA and the Regulations pertaining thereto, an employer is required to provide, along with the Eligibility Notice, a written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations (the "Rights and Responsibilities Notice"). 29 C.F.R. § 825.300(c).

142.    Pursuant to the FMLA and the Regulations pertaining thereto, when an employer has enough information to determine whether the leave is being taken for a FMLA-qualifying

reason, the employer is required to designate leave as FMLA-qualifying, and to give notice of the designation to the employee as provided in this section within five business days, absent extenuating circumstances (the "Designation Notice"). 29 C.F.R. § 825.300(d).

143.    Pursuant to the FMLA and the Regulations pertaining thereto, an employer's failure to follow the aforementioned notice requirements constitutes an interference with, restraint, or denial of the exercise of an employee's FMLA rights. 29 C.F.R. § 825.300(e).

144.    As alleged herein, Conde provided notice to Defendants of his serious health condition in October 2021 and his need to take leave in order to treat for his condition.

145.    By the above-alleged conduct, Defendants acquired knowledge that Conde's leave may be for an FMLA-qualifying reason when Conde told Defendants that he was diagnosed with cancer and that he would need leave to treat it.

146.    By the above-alleged conduct, Defendants unlawfully denied Conde benefits to which he was entitled under the FMLA by failing to provide him with an Eligibility Notice, a Rights and Responsibilities Notice, and/or a Designation Notice within the time required by the FMLA and the regulations pertaining thereto.

147.    By the above-alleged conduct, Defendants unlawfully denied Conde benefits to which he was entitled under the FMLA by failing to inform or notify Conde of any of his rights pursuant to the FMLA.

148.    By the above-alleged conduct, Defendants unlawfully denied Conde benefits to which he was entitled under the FMLA by interfering with Conde's actual or impending protected status under the FMLA by failing to provide such notices to him.

149.    By the above-alleged conduct, Defendants unlawfully denied Conde benefits to which he was entitled under the FMLA by interfering with his actual or impending protected status

under the FMLA by failing to provide him with up to twelve weeks of protected leave in order to treat his serious health condition.

150.    By the above-alleged conduct, Defendants unlawfully denied Conde benefits to which he was entitled under the FMLA by firing him upon his return to work from treating his cancer.

151.    By the above-alleged conduct, Defendants unlawfully denied Conde benefits to which he was entitled under the FMLA by firing him when he attempted to use the protected leave to which he was legally entitled under the FMLA.

152.    Defendants have acted willfully and either knew that their conduct violated the FMLA or have shown a reckless disregard for the matter of whether their conduct violated the FMLA.

153.    Defendants have not acted in good faith with respect to the conduct alleged herein.

154.    As a result of Defendants' violations of the FMLA, Conde has incurred and will continue to incur harm and loss in an amount to be determined at trial and is entitled to recover from Defendants lost wages, lost salary, lost employment benefits, interest at the prevailing rate, liquidated damages, reasonable attorneys' fees, reasonable expert witness fees, and costs incurred in prosecuting this action. 29 U.S.C. § 2617(a).

**COUNT IX**
**AS FOR CONDE ONLY**
**VIOLATION OF THE NEW YORK HUMAN RIGHTS LAW**
**EXC §§ 290 *ET SEQ.***
**<u>DISABILITY DISCRIMINATION</u>**

155.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

156.     Pursuant to EXC § 296, it is an unlawful discriminatory practice for an employer to refuse to employ, to discharge from employment, or to discriminate against such individual in compensation or in terms, conditions, or privileges of employment because of an individual's disability.

157.     Cancer is a disability as defined by EXC § 292(21).

158.     Conde was not prevented from performing in a reasonable manner the activities involved in performing his day-to-day job duties, with or without a reasonable accommodation.

159.     Based on the allegations herein, Defendants violated the NYHRL by discriminating against Conde in the terms, conditions, and privileges of his employment on the basis of his disability.

160.     Based on the allegations herein, Defendants discriminated against Conde in the terms, conditions, and privileges of his employment by discharging and terminating Conde because he suffered a disability.

161.     As a result of Defendants' violation of the NYHRL, Conde has sustained lost wages, salary, and employment benefits.

162.     Conde additionally seeks interest, compensatory damages, punitive damages, costs, and attorney's fees.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs request a trial by jury on their claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants and in favor of Plaintiffs for a sum that will properly,

adequately, and completely compensate them for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.    Declare and find that Defendants committed one or more of the following wage violations:

    1.    Willfully violated provisions of the FLSA by failing to pay Plaintiffs overtime compensation;

    2.    Willfully violated provisions of the FLSA by failing to pay Chavez minimum wages;

    3.    Willfully violated the provisions of the NYLL by failing to pay Plaintiffs overtime compensation and spread of hours pay;

    4.    Willfully violated provisions of the NYLL by failing to pay Chavez minimum wages;

    5.    Willfully violated the provisions of the NYLL by failing to provide Plaintiffs with wage notices and wage statements;

B.    Declare and find Defendants' conduct to be in violation of Conde's rights under the Family and Medical Leave Act, 29 U.S.C. Section 2601 *et seq*.

C.    Declare and find Defendants discriminated against Conde on the basis of a disability in violation of the New York Human Rights Law, EXC Section 290 *et seq.*;

D.    Award compensatory damages, including all wages owed, in an amount according to proof;

E.    Award liquidated damages under the NYLL, or alternatively the FLSA;

F.    Award statutory damages under the NYLL;

G.    Award interest on all NYLL wages due accruing from the date such amounts were due;

H.     Award Conde lost wages, back-pay, front-pay, pre-judgment interest, lost fringe benefits, compensatory damages, and liquidated damages for Defendants' willful violations of the FMLA and the NYHRL;

I.     Award all costs and attorneys' fees incurred in prosecuting this action; and

J.     Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
March 21, 2022

Neil H. Greenberg & Associates, P.C.

By: Keith E. Williams, Esq.
*Attorneys for the Plaintiffs*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com
nhglaw@nhglaw.com